# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

|  |  |
|---|---|
| DANIEL R. HARDIE,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | CV 10-118-BLG-CSO<br><br><br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT** |

Plaintiff Daniel R. Hardie [Hardie] initiated this action *pro se* seeking judicial review of the decision by the Defendant, Commissioner of Social Security [Commissioner], to deny his application for supplemental security income [SSI] under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383(c). *Court Doc. 4.* Pursuant to the parties' consent, this case was assigned to the undersigned judge for all further proceedings, including entry of judgment. *Court Doc. 11.*

Now pending are the parties' cross-motions for summary judgment. *Court Docs. 17* (Hardie's motion) *and 20* (Commissioner's motion). For the reasons stated below, Hardie's motion for summary judgment is denied, the Commissioner's motion for summary judgment

1

is granted, and the decision by the Administrative Law Judge [ALJ] denying Hardie's SSI is affirmed.

## I.     PROCEDURAL BACKGROUND

Hardie received SSI benefits until he reached the age of 18, based on a childhood diagnosis of congenital adrenal hyperplasia. *Tr. at 866.* After Hardie turned 18, his eligibility for SSI was redetermined under the rules for determining disability in adults. *Tr. at 19; see* 20 C.F.R. §§ 46.920(c)-(g). On January 17, 2008, the Social Security Administration determined that Hardie was no longer disabled, based on the adult standards. *Id.*

That determination was upheld on reconsideration, after a disability hearing by a state agency Disability Hearing Officer. *Id.* Thereafter, Hardie was granted a hearing by an ALJ, who found that Hardie's disability, and consequently his eligibility for SSI, ended on January 1, 2008. *Tr. at 26.*

Hardie appealed to the Appeals Council [Council]. On October 19, 2009, the Council denied Hardie's request for review. *Tr. at 11.* Hardie now seeks the Court's review. *Court Doc. 4, 17.*

## II.    STANDARD OF REVIEW

This Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error.  *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42 U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla, but less than a preponderance."  *Id.* (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005) (internal quotations omitted)).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation marks and citation omitted).

This Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and cannot affirm the ALJ "by isolating a specific quantum of supporting evidence."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation omitted).  The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving ambiguities. *Hegel v. Astrue*, 325 Fed.Appx. 580 (9th Cir. 2009)(*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995)).

"Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

## III.  BURDEN OF PROOF

A claimant is disabled for purposes of the Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr.,* 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)); 20 C.F.R. § 416.905(a).

In determining whether a claimant is disabled, the Commissioner

follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(I)-(v),

416.920(a)(4)(I)-(v).

1.    The claimant must show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2.    If not so engaged, the claimant must show that he or she has a severe impairment. *Id.*

3.    The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis must proceed to the fourth step.

4.    If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-99.

5.    If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Tackett*, 180 F.3d at 1099. The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2.; *Tackett,* 180 F.3d at 1099. If the Commissioner is unable to meet this burden, then the claimant is disabled and entitled to benefits. *Tackett,* 180 F.3d at1099.

## IV.     THE ALJ's OPINION

The ALJ began by noting that Hardie was eligible for SSI as a child. *Tr. at 21*. In determining that Hardie was no longer eligible for SSI as an adult, the ALJ followed the applicable sequential evaluation process for redetermination. *Tr. at 21-25*; *Tackett*, 180 F.3d at1098-99. First, the ALJ found that Hardie had one severe impairment and two non-severe impairments. *Tr. at 21-22*. The severe impairment was congenital adrenal hyperplasty and hypothyroidism. *Tr. at 21*. The ALJ found that Hardie's fibromyalgia was either not medically determinable or non-severe. *Tr. at 22*. The ALJ also found that

Hardie's asthma was non-severe. *Tr. at 21.* The ALJ found that none of these impairments, nor a combination thereof, meets or medically equals the listed impairments in 10 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. at 22.*

Next, the ALJ found that Hardie has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 416.967(b). *Id.* The ALJ qualified this by finding that "stairs and ladders can be climbed on an occasional basis," and that Hardie must "avoid concentrated exposure to extreme cold and unprotected heights or hazards due to occasional fatigue and dizziness." *Id.* The ALJ then concluded that these additional limitations have "little or no effect on the occupational base of unskilled light work" so a finding of "not disabled" is appropriate under the framework of the Medical-Vocational Guidelines, Rule 202.17. *Tr. at 25.*

V.     **THE PARTIES' ARGUMENTS**

A.     **Hardie's Arguments**

Hardie makes five arguments.[1] First, he maintains that, since he

---

[1] These are made in Court Document 17, which Hardie titled "Brief of Plaintiff's [sic] Complaint," but which he filed as a motion for summary

was found disabled as a child, his disability should continue now that he is an adult. *Court Doc. 17* at 2-3. Second, he argues that the ALJ did not "consider all relevant evidence," effectively asserting that the ALJ's decision is not supported by substantial evidence. *Id.* at 3. Third, Hardie makes essentially a due process argument by claiming that the "appeals council denied my right to an appeal" and that "I am denied disability… for a [sic] order I could not attain and was not allowed to remady [sic]."[2] *Id.* at 3-4. Fourth, Hardie claims that the ALJ's decision was based on misrepresentations and facts in the record that are not true, specifically concerning his arrest and incarceration record. *Id.* at 5-6. Hardie asserts that the ALJ erred in negatively assessing his credibility based on these mistakes of fact. *Id.* at 7.

Finally, Hardie states that "there was no accommodation in [sic] my indigent situation," because the ALJ "did not follow through" on the "medical assessment" that the ALJ allegedly requested. *Id.* at 8. This

judgment. The Court takes the arguments in this document as Hardie's support for his request for summary judgment.

[2] Hardie also asserts that he is entitled to "redress" under 42 U.S.C. § 1983 for "deprivation of rights." *Court Doc. 17* at 9. Hardies has not, however, plead a 1983 action in his complaint. *Court Doc 4.* For this

is essentially an argument that the ALJ did not meet his duty to assist in developing the medical evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Based on these arguments, Hardie asks "to be reinstated as the disabled person," which this Court interprets as a request that summary judgment be granted in his favor. *Court Doc. 17* at 6.

## B.    The Commissioner's Arguments

The Commissioner responds to Hardie by arguing generally that there is sufficient evidence in the record to support the ALJ's decision, and that the ALJ made no legal error. *Court Doc. 21* at 4. The Commissioner also responds to each Hardie's five specific arguments.

First, the Commissioner asserts that disabled status as a child does not guarantee continuing disability as an adult, and that the ALJ correctly determined that Hardie was ineligible for benefits under the different adult standard. *Court Doc. 21* at 4; *see also* 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. Second, the Commissioner maintains that substantial evidence in the record supports the ALJ's

---

reason, the Court will interpret the 1983 claim as part of Hardie's due process argument.

determination.  *Court Doc. 21* at 4.  Third, the Commissioner agrees

with the Appeals Council that Hardie established no bases for granting

appellate review, and therefore impugns Hardie's due process claim.  *Id.*

at 25.

Fourth, the Commissioner argues that the ALJ reasonably made a

credibility determination based upon inconsistencies in the record

concerning Hardie's incarceration and criminal background.  *Id.* at 18.

Based on those inconsistencies in the record, the Commissioner

contends that the ALJ was correctly assessed Hardie's credibility with

respect to his symptoms and his ability to work.  *Id.* at 18-21.

Finally, the Commissioner disagrees with Hardie's claim that the

ALJ ordered an additional medical evaluation, and failed to take

Hardie's indigent status into account.  *Id.* at 11.  Instead, the

Commissioner argues that the ALJ correctly determined the record was

sufficient, and did not order any additional medical testing.  *Id.*  The

Commissioner asserts that the ALJ left the record open only to give

Hardie the opportunity to file objections or additional medical records

that *Hardie* might believe necessary – not the ALJ.  *Id.*  The

Commissioner thus argues that the ALJ met his independent duty to

fully and fairly develop the medical evidence, and was not indifferent to

Hardie's indigent status.  *Id.*

## VI.    DISCUSSION

The primary issues before the Court are whether substantial

evidence supports the ALJ's decision, and whether the ALJ's decision is

free of legal error.  Applying controlling Ninth Circuit authority, the

Court concludes that the ALJ's decision is based on substantial

evidence and contains no legal error.  For the reasons set forth below,

the Court finds Hardie's five arguments unpersuasive.

### A.    Disability as a child does not indicate disability as an adult.

Hardie maintains that, since he was found disabled as a child,

his disability should continue now that he is an adult.  *Court Doc. 17* at

2-3.  The Social Security Act and its accompanying regulations require

that all individuals receiving SSI as children have their eligibility

redetermined when they reach age 18.  42 U.S.C. § 1382c(a)(3)(H)(iii);

20 C.F.R. § 416.987.

Disabled status as a child does not guarantee continuing disability

as an adult.  42 U.S.C. § 1382c(a)(4); 20 C.F.R. § 416.987.  Benefits may

be denied to an adult who was formerly determined a disabled child if

11

the physical or mental impairment for which such benefits were provided has ceased, does not exist, or is no longer disabling. 42 U.S.C. § 1382c(a)(4); 20 C.F.R. § 416.987. The regulations clarify this by stating plainly that "we may find that you are not now disabled even though we previously found that you were disabled." 20 C.F.R. § 416.987(a)(1), (b).

The regulations explain that "[w]hen we redetermine your eligibility," as required by § 1382c(a)(3)(H)(iii), "we will use the rules for adults (individuals age 18 or older) who file new applications explained in §§ 416.920(c) through (g). …we will not use the rules in § 416.994 for determining whether disability continues." 20 C.F.R. § 416.987(b).

The ALJ correctly used the eligibility requirements in 20 C.F.R. §§ 416.920(c)-(g), as part of his analysis to evaluate Hardie's disability status as an adult. *Tr. at 19-21*. There was, therefore, no error in the ALJ's review of Hardie's redetermination. Hardie's argument that he should be found disabled as an adult because he was disabled as a child is legally incorrect.

### B. <u>The ALJ's decision is supported by substantial evidence.</u>

Hardie argues that the ALJ did not "consider all relevant

evidence," which this Court interprets to be an assertion that the ALJ's decision is not supported by substantial evidence. *Court Doc. 17* at 3. The Court finds, however, that the ALJ's decision is supported by substantial evidence from the record.

The ALJ issued a thoughtful, detailed decision that includes a thorough discussion of relevant medical evidence, opinions, and testimony. *Tr. at 19-25.* The ALJ prefaced this discussion by noting his "careful consideration of the entire record." *Tr. at 21.* While this declaration is not, by itself, definitive proof that the ALJ considered all the available evidence, it does demonstrate his awareness of his obligation to do so.

In evaluating Hardie's claims, the ALJ was required to "make fairly detailed findings in support" of his decision that would "permit courts to review those decisions intelligently." *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (citation omitted). In doing so, an "ALJ does not need to discuss every piece of evidence" and "is not required to discuss evidence that is neither significant nor probative[.]" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)(internal quotations and citations omitted).

A reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) (*citing Robins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). But a court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (*citing Connett v. Barnhart*, 340 F.3d 871,874 (9th Cir. 2003)).

The ALJ reviewed the record and explained his rationale for assessing Hardie's functional capacity and credibility. *Tr. at 19-25.* The ALJ's decision reviewed the substantial evidence that informed and supported his conclusion with respect to Hardie's disability claim. *Id.* The ALJ referenced the records of six doctors, who examined and/or treated Hardie: Dr. Oliveira (*Tr. at 21, 1074-1078*), Dr. Peterson (*Tr. at 23, 1019-21*), Dr. Johnson (*Tr. at 24, 1080-81*), Dr. Ruth (*Tr. at 23, 1060*), Dr. Hanna (*Tr. at 23, 1072*), and Dr. Schofield (*Tr. at 24, 992*). The ALJ also cited specific sixteen medical records supporting his decision. *Tr. at 21-25* (*citing Tr. at 886, 949, 992, 1019-21, 1058, 1072-79, 1080-1133*). Relying on this substantial evidence from the record,

the ALJ found that Hardie is capable of light, unskilled work, and therefore ineligible for adult SSI benefits. *Tr. at 22*-25. The Court has reviewed these medical records cited by the ALJ. The Court finds that they support the ALJ's conclusion that Hardie is not disabled. This Court finds, therefore, that the ALJ's decision is supported by substantial evidence.

## C.  Hardie was afforded due process.

Hardie makes a vague due process argument by claiming that the "appeals council denied my right to an appeal" and that "I am denied disability… for a [sic] order I could not attain and was not allowed to remedy [sic]."[3] *Court Doc. 17.* at 3-4. This Court agrees with the Commissioner and the Appeals Council that Hardie establishes no bases for the Appeals Council to grant review. *Tr. at 11-12; Court Doc. 21* at 25. The only additional information Hardie provided to the Appeals Council, in the nine months between the ALJ's decision and the date of the Council's decision, was a one-page report by a physician's

---

[3] It is not clear the "order" to which Hardie is referring, so this Court will assume it was the determination of the Appeals Council, which

assistant. *Tr. at 12.* That report is not inconsistent with the determination made by the ALJ. *Tr. at 14, 19-25.* Hardie had ample chance to develop the record further and did not do so. Hardie was, therefore, afforded due process.

### D. **The ALJ properly considered inconsistencies in the record to assess Hardie's credibility.**

The ALJ also used inconsistencies in the record to determine that Hardie was not credible, and provided clear and convincing evidence for rejecting Hardie's subjective assertions about his symptoms and his inability to work. Hardie, however, claims that he is credible, and that the ALJ's decision was based on two misrepresentations of fact. *Court Doc. 17* at 6-7. Both of the alleged misrepresentations involve Hardie's arrest and incarceration record – first regarding marijuana, and second concerning burglary. *Id.* at 5-6. Hardie essentially argues that the ALJ erred when he misrepresented Hardie's arrest and incarceration record to conclude that Hardie is not credible. *Court Doc. 17* at 7.

As to the marijuana charge, Hardie argues that "I have never

---

seems to be the focus of the surrounding discussion. *See Court Doc. 17* at 3-4.

stated to any person that I was incarcerated due to marijuana." *Tr. at*

*6.* Dr. Oliveira's records, however, reflect that Hardie was

"Encarcerated [sic] in 2008 for Marijuana use." *Tr. at 1074, 1078.*

Hardie's argument about his incarceration for burglary is similar.  He

states:

> I was never put in prison (incarcerated) for burglary and weapons
> offense, I was a [sic] accessory, because I was hanging out with so
> called friends who did the crime, and was given probation, and put
> in pre-release center because of a violation of probation over a
> beer bottle collection that the probation officer said had alcohol in
> it.  I get so tired of being misrepresented.

*Tr. at 6.*  Thus, Hardie argues that he was never incarcerated, and

never charged with anything relating to marijuana.

The ALJ, however, relied on specific inconsistencies in the record

to assess Hardie's credibility – not on whether Hardie was actually

"incarcerated," or what Hardie might have been incarcerated for.  *Tr. at*

*21.*  The ALJ found that:

> the claimant was not fully forthcoming with Dr. Olivera [sic]
> during the examination.  The claimant *told* Dr. Olivera [sic] that
> he had been incarcerated due to marijuana offenses, but prior
> records indicate that the claimant was incarcerated for burglary
> and weapons offenses.  (Exs. B19F, B20F/11).  Although the
> claimant's crimes were not necessarily related to his medical
> condition, it does suggest that the claimant's credibility is in
> doubt…

17

*Tr. at 21* (emphasis added). Regardless of whether Hardie was ever incarcerated for marijuana violations, the ALJ was permitted to rely on Dr. Oliveira's records as to what Hardie told the doctor. *See Tr. at 1074*. Therefore, Hardie's current arguments that he was never incarcerated or charged with a marijuana offense are not determinative. The ALJ did not misrepresent the facts in the record and properly based his credibility determination on that record. *See Tr. at 1074*.

The ALJ may, after engaging in the appropriate analysis, reject a claimant's subjective testimony about the severity of symptoms, but he must cite specific, clear, and convincing reasons for doing so. *Lockwood v. Comm'r Soc. Sec.,397 Fed. Appx. 288 (9th Cir. 2010)*. To assess credibility in this manner, the ALJ may consider ordinary evaluation techniques, including any unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  The ALJ may take

the lack of objective medical evidence into consideration when assessing

credibility.  *Batson v. Commissioner of Social Security Administration*,

359 F.3d 1190, 1196 (9th Cir. 2004).  Inconsistencies in testimony may

also be factored in such an assessment.  *Orn v. Astrue*, 495 F.3d 625,

636 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).

The ALJ must also consider the following factors:  the location,

duration, and intensity of pain; precipitating and aggravating factors;

type, dosage, effectiveness, and side effects of any medication;

treatment, other than medication, for relief of pain; functional

restrictions; and the claimant's daily activities.  20 C.F.R. §

416.929(c)(3).

Here, the ALJ gave specific, clear, and convincing reasons for

finding that Hardie is not entirely credible in asserting that he is

incapable of all work activity.  *Tr. at 21-24.*  The ALJ highlighted

Hardie's inconsistent statements as well as inconsistencies between the

medical evidence and Hardie's testimony.  *Id.*

In addition to the inconsistencies discussed above, the ALJ cited

inconsistencies between the medical findings and the symptoms that

Hardie alleged.  First, the ALJ noted Hardie's complaint of "joint pain in 'all' joints," but found that Hardie's "fibromyalgia is not medically determinable because the diagnosis was merely differential," and came "after all objective testing for any other rheumatologic disorder was ruled out." *Tr. at 21.*  The ALJ also explained that "no follow-up testing was performed… suggest[ing] that the symptoms were not as severe as alleged." *Id.*  This opinion was further supported by Hardie's treating endocrinologist, Dr. Johnson, to whom "no complaints of joint pain were alleged." *Tr. at 22.*

Second, the ALJ noted that "non-compliance with [Hardie's] medication regimen was common" and that "missed doses… occurred on average one day per week, indicating that the frequency and persistence of the claimant's symptoms was [sic] not only preventable, but intermittent as well." *Tr. at 24.*  The ALJ also pointed to several instances of missed appointments, "indicating that his symptoms were not severe enough to require medical treatment." *Id.*

Third, the ALJ pointed out that, after Dr. Johnson had found that Hardie was doing well with essentially no symptoms, the doctor noted that Hardie asked for a "statement of disability." *Tr. at 24, 1080.*  The

Dr. explained that "[w]e did send our records for his disability, but I was reluctant to say he was disabled from his hormone abnormalities, which are treated with medication." *Tr. at 1080.* The ALJ correctly considered the inconsistencies to determine that Hardie was not entirely credible.

Fourth, the ALJ correctly highlighted the inconsistencies in Hardie's own statements of his abilities. *Tr. at 24.* Despite claiming complete disability, the ALJ noted that Hardie "admitted abilities to perform all of the tasks required in the residual functional capacity." *Tr. at 24*, 949. That included walking for 6-7 hours, lifting 80-100 pounds, and sitting. *Id.* Hardie also described during the hearing a number of activities in which he already engages, and which could translate into employment. *Tr. at 24, 1215-1222.* All of this testimony, from Hardie himself, directly contradicts his claim of complete disability. The ALJ properly used these inconsistencies to assess Hardie's credibility.

All of the foregoing observations, which the Court finds to be supported by evidence in the record, indicate that the ALJ properly applied credibility evaluation techniques in assessing Hardie's

credibility. *Smolen*, at 1283-84 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). The Court cannot substitute its own interpretation of the evidence for the ALJ's interpretation. *Orn*, 495 F.3d at 629. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954 (citation omitted). The ALJ's interpretations and determinations of credibility are supported by evidence available in the record. This Court must, therefore, affirm the ALJ's determination.

**E.    The ALJ met his independent duty to develop the medical evidence.**

Finally, Hardie states that "there was no accommodation in my indigent situation," because the ALJ "did not follow through," regarding a "medical assessment" that Hardie claims the ALJ ordered. *Id.* at 8. This Court interprets these statements as Hardie's argument that the ALJ did not meet his independent duty to fully and fairly develop the medical evidence. *See Reed,* 270 F.3d at 841; *Tonapetyan*, 242 F.3d at 1150.

The Commissioner asserts that the ALJ only left the record open to give Hardie the opportunity to file objections or to submit additional

medical records that *Hardie* might believe necessary, but that the ALJ

correctly determined that no more medical evidence was needed for the

*ALJ* to make his determination. *Court Doc. 21* at 11. This Court agrees

with the Commissioner.

The ALJ explained to Hardie at the hearing:

At the conclusion of the hearing, I'll leave this file with you. You
can take it out there to the room and you can sit there and go
through this file, and look to see if we have all your medical
records, look to see if there's any documents here that you object
to; and then, you can have 10 days after this hearing to put in
written form the objections to any of these medical records. And…
if you have any additional medical records that you want to
submit that are not in the file, you can get those records and
submit them within the 10-day period.

*Tr. at 1239.*

After this statement, the ALJ repeated his intention to find that

Hardie was not disabled, based on the medical information that the ALJ

had in the file. *Tr. 1239-1255.* The ALJ indicated to both Hardie and

Hardie's mother that he had sufficient medical information to make his

determination that Hardie was not disabled. *See e.g. Tr. at 1243.* The

ALJ did not state that a new functional capacity exam was needed, nor

did he order Hardie to have any additional medical examinations. For

these reasons, the Court finds that the ALJ not order additional

medical evidence, or ignore Hardie's indigence, as Hardie suggests. The Court finds that the ALJ correctly relied on the extensive record and properly considered his burden to develop that record.

## VII.    CONCLUSION

The ALJ's decision was based on substantial evidence from the record and contained no legal error. For these reasons,

**IT IS ORDERED** that:

(1)    the Commissioner's motion for summary judgment (*Court Doc. 20*) is GRANTED; and

(2)    Hardie's motion for summary judgment (*Court Doc. 17*) is DENIED.

The Clerk of Court is directed to enter judgment accordingly.

DATED this 3rd day of November, 2011.


/s/ Carolyn S. Ostby
United States Magistrate Judge